**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| **ATLAS GROUP, L.L.C.,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**BLAIR PHARMACY, INC. and MATTHEW BLAIR,**<br><br>      **Defendants.** | Civil Action No. _____ |

## PLAINTIFF'S COMPLAINT

Plaintiff Atlas Group, L.L.C., by and through its attorneys, states the following for its three-count Complaint against Defendants:

### INTRODUCTION

1. This is a case about a company's blatant refusal to honor its payment obligations under a contract, and its wrongful retaliation in response to compliance concerns under Federal and state law raised in good-faith by Plaintiff, Atlas Group, L.L.C. ("**Atlas**"). Blair Pharmacy, Inc. ("**Blair**") entered into a Distributor Agreement (the "**Agreement**") with Atlas on November 24, 2014. On or about May 28, 2015, Blair's President, Defendant Matthew Blair, and Blair Pharmacy wrongfully refused to pay Atlas the 50% gross sales commission mandated by the Agreement in retaliation for Atlas' raising of compliance issues arising under both Federal and Maryland healthcare fraud and abuse laws.

## THE PARTIES

2. Atlas is a limited liability company with its offices located in Bethesda, Maryland, and, by virtue of 28 U.S.C. § 1332, is a citizen of Maryland.

3. Blair is a Maryland corporation with offices located in Timonium, Maryland, and, by virtue of 28 U.S.C. § 1332, is a citizen of Maryland.

4. Matthew Blair is an individual domiciled in the State of Maryland and, by virtue of 28 U.S.C. § 1332, is a citizen of Maryland.

## JURISDICTION AND VENUE

5. Pursuant to 31 U.S.C. § 3729, *et seq.*, this Court has subject matter jurisdiction because a federal question is involved. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Upon information and belief, this District is also the principal place of business of Defendant Blair and state of residence and domicile for Matthew Blair.

## FACTUAL BACKGROUND

7. Atlas and Blair entered into the Agreement on November 14, 2014. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

8. Blair drafted the Agreement.

9. Under the Agreement, *inter alia*, Atlas was contractually engaged to offer for sale and sell Blair's products in consideration for a 50% gross sales commission.

10. Atlas' performance under the Agreement resulted in prescriptions being filled and refilled by Blair.

11. Blair filled and refilled prescriptions and received reimbursements from third party payors, including (without limitation) Medicare, Tricare, and Medicaid.

12. Blair did not pay Atlas commissions as required by the Agreement. To date, Atlas is owed hundreds of thousands of dollars in commissions pursuant to the Agreement.

13. Upon information and belief, during the course of performance under the Agreement, Atlas learned from Blair's statements that Blair was using "burner" cards (pre-paid credit cards that have a monetary value) to pay co-pays on behalf of patients, while posing as the at-issue patients over the phone to third party payors, Medicare, Tricare and Medicaid. Further, Blair purported that his withholding of commissions due to Atlas was caused by Blair's fear that his pharmacy's failure to collect co-payments would cause payors to recoup funds from his pharmacy during future potential audits. Therefore, Blair proposed to Atlas that he would not pay Atlas until co-payments were "taken care of." Blair proposed that Atlas and Blair obtain "burner" cards, to use to impersonate patients and pay co-pays in violation of Federal and State fraud and abuse laws.

14. Atlas refused to take such unlawful action, and expressed -- orally and in e-mails -- that the action was contrary to law. Atlas expressed further concerns

because, upon information and belief, Atlas had learned that Blair was potentially substituting bases on the prescriptions that were being filled.

15.     Atlas contacted Blair's President, Defendant Matthew Blair, in an effort to resolve the issue of the past-due commissions and to make clear that Atlas would not participate in, or be associated with, any potential violations of healthcare fraud and abuse laws or engage in any other sort of unlawful activity.

16.     Instead of paying Atlas' past-due commissions, which had been promptly paid in the past, Blair refused to pay commissions in retaliation for Atlas' good-faith raising of suspected fraud and abuse concerns.  To date, Blair has continued to act in a retaliatory manner and has continued to refuse to pay Atlas' commissions under the Agreement.

## CLAIMS FOR RELIEF

### COUNT I – Retaliation in Violation of 31 U.S.C. § 3730(h)

17.     Atlas re-alleges paragraphs 1 through 16 as if fully set forth herein.

18.     The nonpayment actions taken by Blair and Matthew Blair against Atlas have no legitimate basis and constitute retaliation against Atlas for lawful actions taken by Atlas, and efforts by Atlas to stop Blair and Matthew Blair from potentially submitting false claims to the government.

19.     Specifically, Atlas has identified and brought to Blair's attention multiple potential issues with actions taken by Blair and Matthew Blair which are believed to be in violation of the Federal False Claims Act (31 U.S.C. § 3729).  Atlas has engaged in lawful acts in furtherance of an action relating to such potentially wrongful activities by

Blair and Matthew Blair pursuant to 31 U.S.C. § 3730, and made efforts to stop Defendants from potentially violating the Federal False Claims Act. Defendants have responded by refusing to pay -- with no legitimate basis -- commissions due and owing in direct and blatant potential violation of 31 U.S.C. § 3730(h).

20. Defendants took these actions in violation of the Agreement and in retaliation as explained above.

COUNT II – Retaliation in Violation of Md. Code General Provisions § 8-107

21. Atlas re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. The nonpayment actions taken by Blair and Matthew Blair against Atlas have no legitimate basis and are constitute retaliation against Atlas for lawful actions taken by Atlas, and efforts by Atlas to stop Blair and Matthew Blair from potentially submitting false claims to the government.

23. Atlas has identified and brought to Defendants attention multiple potential issues with actions taken by Blair and Matthew Blair that are believed to be in violation of the Maryland False Claims Act (Md. Code General Provisions § 8-104, *et seq.*). Atlas has engaged in lawful acts in furtherance of an action relating to such potential wrongful activities by Defendants pursuant to Md. Code General Provisions § 8-104, *et seq.*, and made efforts to stop Defendants from potentially violating the Maryland False Claims Act. Defendants have responded by refusing to pay -- with no legitimate basis -- commissions due and owing in direct and blatant potential violation of Md. Code General Provisions § 8-107, *et seq.*

24.     Defendants took these actions in violation of the Agreement and in retaliation as explained above.

## COUNT III – Breach of Contract

25.     Atlas re-alleges paragraphs 1 through 24 as if fully set forth herein.

26.     Blair's actions, by failing to pay Atlas commissions pursuant to the Agreement constitutes a breach of the Agreement.  The Agreement was drafted by Blair and is to be construed against Blair as the drafter.

27.     Atlas has suffered, and will continue to suffer financial injury due to Blair's nonpayment of commissions under the Agreement, past, present and future.

28.     Atlas is, therefore, entitled to money damages from Blair.

*          *          *

**WHEREFORE**, ATLAS GROUP, L.L.C., respectfully requests that this Court enter judgment as follows:

A.     Entering judgment for damages against Blair and Matthew Blair for improper retaliatory actions taken, including, without limitation, two times the amount of lost remuneration owed to Atlas, interest accumulated, payment of reasonable costs and attorney fees, punitive damages, and civil penalties and injunctive relief, enjoining such conduct in the future;

B.     Entering judgment for damages against Blair for commissions owed to Atlas pursuant to the Agreement;

C.     All other relief this Court finds proper and just; and

D.     Court costs.

DATED August 21, 2015.

                              Respectfully submitted,

                              */s/ Stephen Kiehl*_____
                              Stephen Kiehl (Bar ID 18605)
                                *Counsel of Record*
                              Edward H. Rippey
                              COVINGTON & BURLING LLP
                              One CityCenter
                              850 Tenth Street, N.W.
                              Washington, D.C. 20001-4956
                              Telephone (202) 662-6000
                              Facsimile (202) 778-5872
                              skiehl@cov.com
                              erippey@cov.com